IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERMIAH JONES,

    Plaintiff,                        No. 2:13-cv-1263 DAD P

    vs.

REDDING COUNTY JAIL,
                                       <u>ORDER</u>

    Defendant.

_____/

        Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court under Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the court will grant plaintiff's request to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly
2  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
3  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
4  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
5  U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

7  　　　　　The court is required to screen complaints brought by prisoners seeking relief
8  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
10 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
11 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
12 U.S.C. § 1915A(b)(1) & (2).

13 　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
15 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19 Cir. 1989); Franklin, 745 F.2d at 1227.

20 　　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
21 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
24 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
25 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
26 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has identified the "Redding County Jail" (referring to the Shasta County Jail in Redding, CA) as the defendant. Therein, plaintiff alleges that on May 26, 2012, a group of inmates approached plaintiff and told him that an African American man at

that jail is not allowed to have pictures of white women, and that he could not keep his personal pictures. Plaintiff did not understand what the inmates meant and "blew them off," but later that day the same inmates approached him and told him to give them the pictures. Plaintiff refused, and the other jail inmates hit him over the head, kicked him, and spit on him. Plaintiff claims that the jail staff could have moved more quickly to help him but were intentionally slow to respond to the attack upon him. (Compl. (ECF No. 1) at 5 & Attach.)[1]

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

---

[1] The court notes that on July 3, 2013, plaintiff filed what purports to be an amended complaint on a state court issued check-the-box-form that reflects no factual allegations whatsoever and is therefore clearly insufficient under the pleading standards set out in the Federal Rules of Civil Procedure.

Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff elects to pursue this action by filing an amended complaint, he should specify who the defendants are in this case.  Based on plaintiff's allegations, the Shasta County Jail is not appear to be a proper defendant.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002) (describing the two routes to municipal liability, where municipality's official policy, regulation or decision violated plaintiff's rights, or alternatively where municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights), cert. denied, 537 U.S. 1106 (2003).  Rather, the proper defendant(s) would seemingly be the jail staff member(s) who allegedly failed to protect plaintiff from the inmates who attacked him.

In addition, insofar as plaintiff wishes to proceed on a failure to protect claim, he is advised that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  It is well established that "prison officials have a

duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" Id. at 834. However, prison officials do not incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner. Id.

If plaintiff elects to proceed with a failure to protect claim, he must allege that objectively he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also allege that subjectively each named defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834. A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

## OTHER MATTERS

Plaintiff has also filed two motions for appointment of an investigator. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not

/////

1  authorize the expenditure of public funds for investigators. See 28 U.S.C. § 1915. Accordingly,
2  the court will deny plaintiff's motions.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the Sheriff of Shasta County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in dismissal of this action without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6. Plaintiff's motions for appointment of an investigator (Doc. Nos. 6 & 7) are denied.

DATED: August 28, 2013.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jone1263.14